COOPER, WHITE & COOPER LLP
ROBERT A. PADWAY (SBN 48439)
  rpadway@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:  (415) 433-5530

Attorneys for Plaintiff CAL-PAL, Inc. aka
California PAL and the California Police
Activities League







UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAL-PAL, Inc.,<br><br>       Plaintiff,<br><br>vs.<br><br>California Police Youth Charities, Inc.,<br><br>       Defendant. | CASE NO. CV 08 1991<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE OR MISLEADING ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff complains and alleges:

## PARTIES

1. Plaintiff CAL-PAL, Inc., also known as California PAL and as the California Police Activities League ("CAL-PAL") is a California 501(c)(3) nonprofit corporation which was organized and registered with the California Secretary of State in 1971. CAL-PAL is a statewide organization having 125 PAL chapters as members.

2. Defendant California Police Youth Charities ("CPYC") was incorporated as a non-profit organization in June, 2002. The principal source of fundraising for CPYC, as well as CAL-PAL, is telemarketing. Since on or about July, 2006, when CAL-PAL's agreement with telemarketing firm Telcom Services, Inc. ended, CPYC has used former Telcom Services employees to market CPYC using a list of past donors to CAL-PAL. CPYC has called CAL-PAL donors on behalf of CPYC, has established telephone listings

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598404.1 / 15227-6000

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE OR MISLEADING ADVERTISING - DEMAND FOR JURY TRIAL

in the name "California State Police Activities League", and has represented to donors that CPYC is the same as, or successor to, or affiliated with CAL-PAL, and that CAL-PAL has ceased operation.

## JURISDICTION

3. This court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) because this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq.

4. This court has supplemental jurisdiction over the state law claims for relief herein under 28 U.S.C. § 1367(a).

## VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendant conducts business in this District and has an office in San Leandro, California.

## INTRADISTRICT ASSIGNMENT

6. This is an Intellectual Property Action excepted from intra-district assignment under Local Rule 3-2(c).

## FACTUAL ALLEGATIONS

7. Since 1971, CAL-PAL has served as a statewide nonprofit organization supporting local chapters to provide quality, safe programs and activities in which members of the law enforcement community create relationships with kids and provide sports and other activities to keep them off the streets, out of gangs, off drugs and give them a chance to make a future for themselves. CAL-PAL has grown to 125 PAL member chapters in over 100 cities and counties in California, and over 300,000 children participate in PAL programs each year. Plaintiff's widespread use of the names "CAL-PAL", "California PAL" and the "California Police Activities League" over a period of more than 36 years has given them significance among donors and members as a reference to plaintiff's organization.

8. For many years CAL-PAL had a fundraising agreement with Telcom Services, Inc., a telemarketing firm which raised funds for CAL-PAL. Upon information

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598404.1 / 15227-6000

2

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE OR MISLEADING ADVERTISING - DEMAND FOR JURY TRIAL

and belief, in or about 2005 CPYC contacted Telcom to conduct telemarketing services for CYPC, and in November, 2005 Telcom requested termination of its agreement with CAL-PAL.

9. After the agreement between CAL-PAL and Telcom Services ended CPYC hired employees of Telcom Services to market CPYC. CPYC has used CAL-PAL's list of donors and has called known donors to CAL-PAL on behalf of CPYC. CYPC has used the same or similar calling script, marketing materials and form of invoice as CAL-PAL. CPYC has established telephone listings in the name "California State Police Activities League," and uses a caller ID number for CPYC's San Leandro office of "California State Police Activities League."

10. CPYC has made representations to donors and potential donors such as:

    A. "You've donated to us in the past," although the past donation was to CAL-PAL;

    B. CPYC and CAL-PAL are "the same;"

    C. "CAL-PAL doesn't exist any more;"

    D. "We've changed our name [from CAL-PAL] to California Police Youth Charities;"

    E. We "took over for CAL-PAL;" and

    F. We "teamed with CAL-PAL."

11. Some donors who already received a donation packet from CAL-PAL were told by CPYC to "discard the packet" or to "disregard the CAL-PAL letter and make the check out to CPYC when you receive the new letterhead."

12. CPYC's use of the name "California State Police Activities League", and its representations such as those alleged in paragraph 10 above, are likely to and have created confusion among donors as to the relationship between CPYC and CAL-PAL and the status of CAL-PAL.

13. By reason of CPYC's acts, CAL-PAL has suffered and will continue to suffer damage to its operations, reputation and goodwill, and the loss of donations which CAL-

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598404.1 / 15227-6000

3

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE OR MISLEADING ADVERTISING - DEMAND FOR JURY TRIAL

1  PAL would have received but for CPYC's actions.

2  14.  Unless restrained and enjoined, CPYC will continue to engage in the acts complained of herein and will irreparably damage CAL-PAL. CAL-PAL's remedy at law is not adequate to compensate it for all the injuries resulting from CPYC's actions.

## FIRST CLAIM FOR RELIEF

### (Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. Section 1125(a))

15.  Plaintiff realleges and incorporates by reference paragraphs 1 through 14 of this Complaint.

16.  CPYC has used in commerce words, terms, and names, and false or misleading descriptions or representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of CPYC with CAL-PAL.

17.  CPYC's acts are in violation of 15 U.S.C. § 1125(a) and CAL-PAL has been and is likely to be damaged by these acts.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition in Violation of California Business and Professions Code Section 17200 et seq.)

18.  Plaintiff realleges and incorporates by reference paragraphs 1 through 14 of this Complaint.

19.  CPYC's acts constitute an unlawful, unfair or fraudulent business act or practice or unfair, deceptive, untrue or misleading advertising.

20.  CPYC's acts are in violation of California Business and Professions Code section 17200 et seq., and plaintiff has been and is likely to be damaged by these acts.

## THIRD CLAIM FOR RELIEF

### (False or Misleading Advertising in Violation of California Business and Professions Code section 17500 et seq.)

21.  Plaintiff realleges and incorporates by reference the allegations of paragraphs

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598404.1 / 15227-6000

4

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE OR MISLEADING ADVERTISING - DEMAND FOR JURY TRIAL

1 through 14 of this complaint.

22.  CPYC has made or disseminated or caused to be made or disseminated before the public in this state, in a publication or advertising device or in any other manner or means whatever, including over the internet, statements which are untrue or misleading.

23.  CPYC's acts are in violation of California Business and Professions Code section 17500, and plaintiff has been and is likely to be damaged by these acts.

### PRAYER

Wherefore, plaintiff prays for judgment in favor of plaintiff CAL-PAL and against defendant CPYC as follows:

1. That the Court issue a permanent injunction enjoining and restraining defendant and its officers, employees, agents and contractors, and any person acting in participation or concert with them, and any person having knowledge of such injunction, from using in any manner whatsoever any of the names "CAL-PAL", "California PAL", "California Police Activities League", "California State Police Activities League" or any other name which is likely to cause confusion between CPYC and CAL-PAL among donors and potential donors.

2. That the Court issue a permanent injunction enjoining and restraining defendant and its officers, employees, agents and contractors, and any person acting in participation or concert with them, and any person having knowledge of such injunction, from representing to donors or potential donors, words to the effect that:

   A. "You've donated to us in the past," when the past donation was to CAL-PAL;

   B. CPYC and CAL-PAL are "the same;"

   C. CAL-PAL "doesn't exist any more;"

   D. CPYC "changed its name" from CAL-PAL to CPYC;

   E. CPYC "took over for CAL-PAL;"

   F. CPYC "teamed" with CAL-PAL; or

   G. Any other statement asserting that there is any affiliation, connection,

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

598404.1 / 15227-6000

5

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE OR MISLEADING ADVERTISING - DEMAND FOR JURY TRIAL

1  association or succession between CPYC and CAL-PAL;

2  3. That the Court issue a permanent injunction enjoining and restraining
3  defendant, and each of its officers, employees, agents and contractors, from using any
4  telemarketing script, advertising, stationery, invoice or other device which is likely to
5  confuse the public as to any affiliation, connection, association or succession between
6  CPYC and CAL-PAL;

7  4. For damages in the amount of CPYC's revenues since the commencement of
8  its infringement, or for such other sums as the Court may in its discretion deem to be just
9  and reasonable under the circumstances;

10  5. For interest, costs of suit and reasonable attorneys' fees; and

11  6. For such other relief as the Court may deem meet and proper.

## JURY DEMAND

13  Plaintiff demands a jury trial.

15  DATED: April 16, 2008                    COOPER, WHITE & COOPER LLP

By: *(signature)*
Robert A. Padway
Attorneys for Plaintiff CAL-PAL, Inc. aka
California PAL and the California Police
Activities League

598404.1 / 15227-6000                                    6
COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE OR MISLEADING
ADVERTISING - DEMAND FOR JURY TRIAL

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111