Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
MATTHEW C. JAIME, ESQ. (SBN 140340)
3638 American River Drive
Sacramento, California 95853-4711
Telephone: (916) 978-3434
Facsimile: (916) 978-3430

Attorneys for Defendant, CALIFORNIA POLICE
YOUTH CHARITIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAL-PAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA POLICE YOUTH CHARITIES, INC., <br><br> Defendants. | Case No. CV-08-1991-JCS <br><br> **ANSWER OF DEFENDANT CALIFORNIA POLICE YOUTH CHARITIES, INC. TO PLAINTIFF'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Assigned to Honorable Joseph C. Stero |

COMES NOW, defendant CALIFORNIA POLICE YOUTH CHARITIES, INCORPORATED, and in answering plaintiff's complaint on file herein admits, denies, and alleges, as follows:

1. With respect to paragraph 1 of the Complaint, defendant lacks sufficient information to admit or deny the allegations therein.

2. With respect to paragraph 2 of the Complaint, defendant admits that California Police Youth Charities is a non-profit organization, incorporated in 2002, and that it acquires a portion of it's funding through telemarketing for donations, but denies the remaining allegations therein.

1

*Answer of Defendant California Police Youth Charities, Inc. to Plaintiff's Complaint*

3.  With respect to paragraph 3 of the Complaint, defendant denies that this case arises under the trademark laws of the United States, and thus denies that this Court has jurisdiction under U.S.C. Sections 1051, et seq., but admits that this Court has jurisdiction under the Lanham Act.

4.  With respect to paragraph 4 of the Complaint, defendant admits that this Court has supplemental jurisdiction.

5.  With respect to paragraph 5 of the Complaint, defendant admits that venue is proper in this District.

6.  With respect to paragraph 6 of the Complaint, defendant denies this is an Intellectual Property Action, exceptd from assignment under Local Rule 3-2 (c).

7.  With respect to paragraph 7 of the Complaint, defendant lacks sufficient information to admit or deny any of the allegations therein, and on that basis, denies each allegation.

8.  With respect to paragraph 8 of the Complaint, defendant admits that Telcom raised money for Cal-Pal for many years, but denies the remaining allegations therein.

9.  With respect to paragraph 9 of the Complaint, defendant denies the allegations contained therein.

10. With respect to paragraph 10 of the Complaint, defendant denies the allegations contained therein.

11. With respect to paragraph 11 of the Complaint, defendant denies the allegations contained therein.

12. With respect to paragraph 12 of the Complaint, defendant denies the allegations contained therein.

/ / /

*Answer of Defendant California Police Youth Charities, Inc. to Plaintiff's Complaint*

13. With respect to paragraph 13 of the Complaint, defendant denies the allegations contained therein.

14. With respect to paragraph 14 of the Complaint, defendant denies the allegations contained therein.

15. With respect to paragraph 15 of the Complaint, defendant reincorporates by reference its responses to paragraphs 1-14, respectively.

16. With respect to paragraph 16 of the Complaint, defendant denies the allegations contained therein.

17. With respect to paragraph 17 of the Complaint, defendant denies the allegations contained therein.

18. With respect to paragraph 18 of the Complaint, defendant reincorporates by reference its responses to paragraphs 1-14, respectively.

19. With respect to paragraph 19 of the Complaint, defendant denies the allegations contained therein.

20. With respect to paragraph 14 of the Complaint, defendant denies the allegations contained therein.

21. With respect to paragraph 21 of the Complaint, defendant reincorporates by reference its responses to paragraphs 1-14, respectively.

22. With respect to paragraph 22 of the Complaint, defendant denies the allegations contained therein.

23. With respect to paragraph 23 of the Complaint, defendant denies the allegations contained therein.

/ / /

/ / /

*Answer of Defendant California Police Youth Charities, Inc. to Plaintiff's Complaint*

## SEPARATE AND AFFIRMATIVE DEFENSES

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering defendant is informed and believes and thereon alleges that the Complaint fails to state facts sufficient to constitute a or any claim against this answering Defendant.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that Plaintiff's Complaint is barred by any and all applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340 and 343 and California Business and Professions Code § 17208.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that Plaintiff, by its knowledge, statements and conduct, and the knowledge, statements and conduct of its agents, employees and representatives, has voluntarily, expressly or impliedly, waived its right to assert any claim against these answering defendants as alleged in the Complaint.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that Plaintiff is equitably estopped from asserting the claims asserted in the Complaint because plaintiff and its agents engaged in acts, omissions, silence and other conduct inconsistent with the claims plaintiff now alleges, i.e., plaintiff invited and voluntarily participated in the acts complained of in the Complaint. In so doing, plaintiff knew defendant would rely upon such acts, omissions, silence and other conduct, and defendants did, in fact, reasonably rely upon such acts, omissions, silence and other conduct, to their detriment. Thus, plaintiff is barred from any recovery from defendant in this action.

*Answer of Defendant California Police Youth Charities, Inc. to Plaintiff's Complaint*

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that, at all times relevant hereto, it acted as a prudent, reasonable entity, in light of the circumstances.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant is informed and believes, and thereon alleges that the injuries or damages allegedly suffered by plaintiff were caused and contributed to, in all or in part, by the negligence or fault of plaintiff, or others, and said acts or omissions entitle defendant to contribution from said individuals and entities, and each of them.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that any and all damages sought by plaintiff will unjustly enrich plaintiff and contravene the principles of equity.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that plaintiff inexcusably and unreasonably delayed giving notice to defendants, causing substantial prejudice to defendant. Therefore plaintiff's causes of action are barred by the equitable doctrine of laches.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that because of plaintiff's own wrongful conduct, plaintiff's action is barred under the equitable doctrine of unclean hands.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that plaintiff's motives in bringing this lawsuit are retaliatory and, as a matter of public policy, should be barred.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that plaintiff has

/ / /

expressly or impliedly by operation of law excused defendant from any and all obligations, if any, relating to the Complaint, and as to each and every cause of action alleged therein.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that on information and belief, plaintiff failed to take any action to mitigate its damages, therefore, any recovery by plaintiff is barred by plaintiff's failure to mitigate damages, or any recovery must be reduced by those damages that plaintiff could have, but failed to mitigate.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that plaintiff's losses, if any, are speculative and/or uncertain, and therefore, not compensable.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that defendant is informed and believes and thereon alleges that the Complaint and each purported cause of action contained therein is barred because of the plaintiff's fraud and/or misrepresentations.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that the injury or damages plaintiff allegedly suffered were solely the result of causes independent of the purported acts or omissions on the part of defendant.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that that the injury or damages plaintiff allegedly suffered were not proximately caused by any purported acts or omissions of defendant.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that the defendant's

*Answer of Defendant California Police Youth Charities, Inc. to Plaintiff's Complaint*

alleged actions and/or representations were neither misleading nor likely to cause confusion, mistake or deception.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that defendant did not act with intent, either directly or indirectly, in connection with any of their purported acts or omissions as alleged in the Complaint.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that this action is barred because court has no subject matter jurisdiction over the causes of action alleged in the complaint.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that this action is barred because the defendant's conduct constituted the lawful exercise of its legal rights, which does not violate the Lanham Act, or any other law.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that if defendant's conduct is found to constitute infringement of plaintiff's rights, the defendant is an innocent infringer, and plaintiff's damages, if any, were caused in whole or in part, by the conduct of third parties.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that plaintiff is seeking relief for intellectual property rights over which it has no legal rights and/or control.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that Plaintiff is barred from obtaining the relief sought in the Complaint because the defendant is informed and believes,

and thereon alleges, that plaintiff's allegations set forth in its Complaint in this action, averring trademark infringement against defendant, were made in bad faith since plaintiff is aware or should be aware that the defendant has not engaged in any such actionable conduct. Accordingly, by bringing such claims against defendant, plaintiff has engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), as elucidated in *Spotless Enterprises, Inc. v. Carlisle Plastics, Inc.*, 56 F.Supp.2d 274 (E.D.N.Y. 1999). Under *Spotless*, plaintiff's action in filing a complaint containing false and/or erroneous allegations of trademark infringement, in and of itself, constitutes false representations regarding goods or services in interstate commerce, causing damage to the Defendant, such as to support an unfair competition claims against plaintiff under the Lanham Act. The defendant is further informed and believes, and thereon alleges, that such allegations were and are material in that they were likely to, and actually did, disparage the defendant's name. As a direct and proximate result of plaintiff's wrongful conduct, defendant is further informed and believes, and thereon alleges, that he suffered injury to his business and pecuniary loss in an amount which cannot be ascertained. Said damages are likely to increase as plaintiff continues to pursue its infringement claims against the defendant.

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiff's Complaint on file herein, this answering Defendant alleges that it presently has insufficient knowledge and information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Accordingly, this answering defendant reserves the right to assert additional defenses in the event discovery and/or investigation reveals a factual and/or legal basis for such affirmative defenses.

WHEREFORE, Defendant herein prays for judgment as follows:

1.   For dismissal of Plaintiff's Complaint against Defendant with prejudice;

/ / /

2.  An award of Defendant's costs, disbursements and any reasonable attorney's fees incurred in this action; and

3.  Any further relief as the Court deems just and proper.

Dated:  June __6__, 2008               **MATHENY SEARS LINKERT & JAIME, LLP**


By:   /s/ Matthew C. Jaime
      MATTHEW C. JAIME, ESQ., Attorneys
      for Defendant, CALIFORNIA POLICE
      YOUTH CHARITIES, INC.