COOPER, WHITE & COOPER LLP
ROBERT A. PADWAY (SBN 48439)
  rpadway@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:   (415) 433-1900
Facsimile:   (415) 433-5530

Attorneys for Plaintiff CAL-PAL, Inc. aka
California PAL and the California Police
Activities League

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAL-PAL, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> California Police Youth Charities, Inc., <br><br> Defendant. | CASE NO.: C 3:08-cv-01991-PJH <br><br> **STIPULATED PROTECTIVE ORDER** |

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal:  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

/ /

/ /

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603939.1 / 15227-6000

STIPULATED PROTECTIVE ORDER

C 3:08-CV-01991-JCS

2. DEFINITIONS

   2.1. <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   2.2. <u>"Confidential" Information or Items</u>: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

   2.3. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential".

3. SCOPE

   The protections conferred by this Stipulation and Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

   The confidentiality obligations imposed by this Order shall remain in effect even after the termination of this litigation, until a designating party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

   5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

   5.2. <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603939.1 / 15227-6000         2         C:08-CV-01991-JCS
STIPULATED PROTECTIVE ORDER

this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the producing party affix the term "Confidential" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s).

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must designate such material "Confidential" at the top or bottom of each page. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the party or non-party offering or sponsoring the testimony shall have up to 20 days after the transcript is available to identify the specific portions of the testimony as to which protection is sought. During the period for such designation all of the testimony shall be treated as "Confidential". Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each page the legend "Confidential," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603939.1 / 15227-6000          3          C:08-CV-01991-JCS
STIPULATED PROTECTIVE ORDER

(c) <u>for information produced in some form other than documentary, and for any other tangible items,</u> that the producing party label in a prominent place on the exterior of the container or containers in which the information or item is stored the term "Confidential." If only portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions.

5.3. <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1. <u>Timing of Challenges</u>: Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>: A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue--other forms of communication are not sufficient) with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3. <u>Judicial Intervention:</u> A party that elects to challenge a confidentiality designation after considering the justification offered by the designating party may file and

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603939.1 / 15227-6000                4                C:08-CV-01991-JCS
STIPULATED PROTECTIVE ORDER

serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

   7.1. <u>Basic Principles</u>: A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2. <u>Disclosure of "Confidential" Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "Confidential" only to:

   (a) the receiving party's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b) the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (c) experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (d)    the Court and its personnel;

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603939.1 / 15227-6000                                5                                C:08-CV-01991-JCS
STIPULATED PROTECTIVE ORDER

   (e) court reporters, their staffs, and other professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

   (g) the author of the document or the original source of the information.

8. <u>FILING PROTECTED MATERIAL</u>

  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

9. <u>FINAL DISPOSITION</u>

  Unless otherwise ordered or agreed in writing by the producing party, within sixty days after the final termination of this action, each receiving party must destroy or return to the producing party all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts,

//
//
//
//
//
//
//
//

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603939.1 / 15227-6000 6 C:08-CV-01991-JCS
STIPULATED PROTECTIVE ORDER

1  legal memoranda, correspondence or attorney work product, even if such materials contain
2  Protected Material.
3
4
5  IT IS SO STIPULATED:
6  DATED: 7/14/08                    _____
                                      Attorneys for Plaintiff
7
8  DATED: 7/9/08                     _____
                                      Attorneys for Defendant
9
   PURSUANT TO STIPULATION, IT IS SO ORDERED.
10 DATED:_____              _____
11                                    [name of judge]
                                      United States District/Magistrate Judge
12

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603939.1 / 15227-6000                  7                           C:08-CV-01991-JCS
                            STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of **[insert formal name of the case and the number and initials assigned to it by the court].** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings

Date:_____

City and State where sworn and signed:_____

Printed Name:_____
      [printed name]

Signature:_____
      [signature]

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

603939.1 / 15227-6000                8                C:08-CV-01991-JCS
STIPULATED PROTECTIVE ORDER