Law Offices of
**COOPER, WHITE, & COOPER, LLP**
ROBERT A. PADWAY, ESQ. (SBN 48439)
201 California Street, 17th Floor
San Francisco, CA 94111
Telephone:     (415) 433-1900
Facsimile:     (415) 433-5530

Attorneys for Plaintiff, CAL-PAL, Inc. aka California PAL and the California Police Activities League

Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
MATTHEW C. JAIME, ESQ. (SBN 140340)
ANDREA M. CHRISTENSEN, ESQ (SBN 165029)
3638 American River Drive
Sacramento, California  95864
Telephone:     (916) 978-3434
Facsimile:     (916) 978-3430

Attorneys for Defendant, CALIFORNIA POLICE YOUTH CHARITIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAL-PAL, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>CALIFORNIA POLICE YOUTH CHARITIES, INC.,<br><br>     Defendant. | Case No.  CV-08-1991-PJH<br><br>Assigned to Honorable Phyllis J. Hamilton<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          July 24, 2008<br>Department:     3 |

     Plaintiff CAL-PAL, INC. along with defendant CALIFORNIA POLICE YOUTH CHARITIES, INC., through their respective attorneys of record, submit the following joint case management statement:

///

1

*Joint Case Management Statement*

1. <u>Jurisdiction and Service</u>:

Regarding jurisdiction and service, plaintiff alleges as follows: This is an action for trademark infringement under the Lanham Act, is U.S.C. Section 1125(a). Defendant has been served and filed its answer.

2. <u>Facts</u>:

Plaintiff Cal-Pal (California Police Activities League) is a non-profit organization which organizes outreach programs for members of law-enforcement and communities in an effort to curtail youth participation in gangs and drugs. Defendant CPYC (California Police Youth Charities) is also a non-profit organization providing similar outreach programs. Both plaintiff and defendant relies heavily on telemarketing for fundraising efforts.

Plaintiff alleges that when it discontinued use of Telcom Services for its telemarketing efforts, CPYC hired those Telcom employees to begin telemarketing for CPYC, and that CPYC used Cal-Pal's donor list and marketing materials to raise funds for CPYC. Cal-Pal further alleges that CPYC made representations to donors and potential donors that misled donors into thinking that CPYC had either joined forces with Cal-Pal or had taken over for Cal-Pal. Cal-Pal alleges that its reputation was resultantly damaged and its fundraising efforts were negatively impacted.

Defendant denies that it knowingly or intentionally committed any of the conduct alleged by plaintiff. Defendant did not instruct any of its telemarketers to use Cal-Pal donor lists, or to indicate that CPYC was working in conjunction with Cal-Pal or had replaced Cal-Pal.

3. <u>Legal Issues:</u>

Plaintiff basically alleges that defendant engaged in federal unfair competition and false designation of origin under the Lanham Act Section 43(a), 15 U.S.C. Section 1125(a), unfair competition in violation of California Business and Professions Code Section 17200, and false or misleading advertising in violation of California Business and Professions Code Section 17500.

As defendant denies it engaged in the factual conduct alleged by plaintiff, defendant contends it violated none of the above statutes.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

4.  Motions:

No motions have been filed to date in this action. Presently, neither plaintiff nor defendant at this time anticipates any motions.

5.  Amendment of Pleadings:

Plaintiff does not anticipate amendment of pleadings.

Defendant does not anticipate amending the pleadings to add defenses or make any other changes.

6.  Evidence Preservation:

The parties agree to preserve any evidence relevant to the allegations being made in this matter.

7.  Disclosures:

The parties are scheduled to exchange disclosure statements, per Fed. R. Civ. P. 26 on August 1, 2008.

8.  Discovery:

Neither plaintiff nor defendant presently intends to change the timing, form, or requirements for disclosure under Rule 26. Neither plaintiff nor defendant has propounded formal discovery to the other party, and each is in the process of preparing its proposed discovery plan for disclosure on August 1, per Rule 26(f).

9.  Class Actions:

Not applicable.

10. Related Cases:

Not applicable.

11. Relief:

In its complaint, plaintiff prays for a permanent injunction against CPYC's alleged misrepresentations. CPYC also seeks damages in the form of all of CPYC's revenues since its commencement of the alleged misrepresentations. Cal-Pal also seeks attorney's fees and costs.

12. Settlement and ADR:

Regarding settlement and ADR, plaintiff believes that so long as defendant denies the

3

wrongful conduct of which plaintiff has documented proof, no purpose would be served by ADR.

Defendant believes that the nature and purpose of the work performed by each of the parties in this case, as well as the nature of the claim by plaintiff against defendant, makes this precisely the type of case suitable for ADR efforts.

13. <u>Consent to Magistrate Judge For All Purposes:</u>

Defendant has declined to proceed before a Magistrate Judge, and has requested re-assignment to a U.S. District Judge. This matter has been reassigned to the Honorable Phyllis J. Hamilton.

14. <u>Other References:</u>

Plaintiff believes that this case is not suitable for reference to binding arbitration/a special master/or a Judicial Panel on Multidistrict Litigation.

Defendant believes that this case is not suitable for reference to binding arbitration/a special master/or a Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u>

Plaintiff and defendant believe that the only real issues in dispute are factual and concern whether defendant did the things alleged by plaintiff. Defendant cannot make any stipulations as to those allegations. It is likely, however, that some foundational facts as to the respective identities and activities of the parties could be the subject of factual stipulations to expedite the presentation of evidence at trial. The parties do not anticipate any requests to bifurcate aspects of this case.

16. <u>Expedited Schedule:</u>

Plaintiff and defendant anticipates that this case that will be fact-intensive, thereby requiring a considerable amount of written discovery and oral depositions. It does not seem to be amenable to a streamlined procedure.

17. <u>Scheduling:</u>

The parties do not anticipate any special scheduling requirement and would anticipate the Court issuing an order accordingly.

*Joint Case Management Statement*

18. <u>Trial:</u>

Plaintiff requests a jury, and anticipates the length of trial to be five days.

Defendant requests a jury, and anticipates the length of trial to be seven days.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

Plaintiff: none.

Defendant has not filed a certificate of interested entities or persons, per Civil Local Rule 3.16.

20. <u>Other Matters As May Facilitate the Just, Speedy, and Inexpensive Disposition of This Matter</u>

None are known to the parties at this time.

Dated:  July 14, 2008          **COOPER, WHITE, & COOPER, LLP**

By: /s/ Robert A. Padway. Esq.
   ROBERT A. PADWAY, ESQ., Attorneys for Plaintiff, CAL-PAL, Inc. aka California PAL and the California Police Activities League

Dated:  July 15, 2008          **MATHENY SEARS LINKERT & JAIME, LLP**

By: /s/ Matthew C. Jaime. Esq.
   MATTHEW C. JAIME, ESQ., Attorneys for Defendant, CALIFORNIA POLICE YOUTH CHARITIES, INC.

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Sacramento County. I am over the age of eighteen years and not a party to the within entitled action. My business address is 3638 American River Drive, Sacramento, California 95864.

On this date, I served:

**1. JOINT CASE MANAGEMENT STATEMENT**

\_\_\_\_   **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

\_\_\_\_   **BY HAND:**  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

XXX   **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Sacramento, California addressed as set forth below. I am readily familiar with my firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date of postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_   **BY OVERNIGHT MAIL:**  by causing document(s) to be picked up by an overnight delivery service company for delivery to the address(es) on the next business day.

\_\_\_\_   **BY PERSONAL DELIVERY:**  by causing personal delivery by ** of the document(s) listed above to the person(s) at the address(es) set forth below.

<u>Counsel for Plaintiff</u>
Robert A. Padway
Cooper, White & Cooper
201 California Street, 17th Floor
San Francisco, CA  94111
Tele:   (415) 433-1900
Fax:    (415) 433-5530
E-Mail:  rpadway@cwclaw.com

I declare under penalty of perjury, according to the laws of the State of California, that the foregoing is true and correct.

Executed this 16th day of July, at Sacramento, California.

\_\_/s/ Marissa van der Sluys_____