UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA POLICE ACTIVITIES
LEAGUE aka CAL-PAL and
CALIFORNIA PAL,

    Plaintiff,

    v.

CALIFORNIA POLICE YOUTH
CHARITIES, INC.

    Defendant.
_____/

No. C 08-1991 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the motion of defendant California Police Youth Charities, Inc., for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the second cause of action in the first amended complaint ("FAC"); or, in the alternative, for an order pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement. Having read the parties' papers and carefully considered their arguments and the relevant legal authorities, and good cause appearing, the court hereby GRANTS defendant's motion.

**BACKGROUND**

Plaintiff California Police Activities League aka CAL-PAL and California PAL ("CAL-PAL") and defendant California Police Youth Charities, Inc. ("CPYC") are both non-profit California corporations. Both entities organize and support outreach programs between members of law enforcement and communities, in an effort to discourage young people from joining gangs and using illicit drugs, and to provide support to the needy. The principal source of fundraising for both is telemarketing.

CAL-PAL alleges that from about 1990 until mid-2006, it had a contract (the "Fundraising Agreement") with a telemarketing firm called Telcom Services, Inc. ("Telcom Services"); that the agreement was terminated on May 1, 2006 (pursuant to a "Termination Agreement"); and that CAL-PAL established its own telemarketing centers in July 2006.

CAL-PAL asserts that as part of the Termination Agreement, Telcom Services agreed on behalf of itself and its officers, directors and employees, that it would "cause its solicitors and representatives" to "refrain from soliciting, by any medium whatsoever, donations from known donors to California PAL on behalf of any other client or charity until at least [365 days] following the termination of the Fundraising Agreement." FAC ¶ 8.

CAL-PAL alleges further that in mid-August 2005, Telcom Services established a new entity, National Consultants, Inc. ("National Consultants"). CAL-PAL claims that in November and December 2005, CPYC and National Consultants entered into an agreement effective January 1, 2006, pursuant to which National Consultants would run new telemarketing centers staffed by CPYC employees. CAL-PAL asserts that National Consultants also agreed to provide CPYC with "proprietary data" – a list of "not less than 100,000 names of California residents who had in the past responded to telemarketing appeals."

CAL-PAL alleges that beginning in January 2006, CPYC hired former employees of Telcom Services to work at the new National Consultants centers, using the same premises, telephone numbers, and telephone listings as previously used by Telcom Services when it did fundraising for CAL-PAL. Specifically, CAL-PAL claims that CPYC obtained lists of CAL-PAL's former donors from Telcom Services, and that National Consultants has been using that donor list to call prospective CPYC donors. According to CAL-PAL, the telemarketers have been representing that CPYC is the same as CAL-PAL, or is affiliated with CAL-PAL, or that CAL-PAL has ceased operation.

CAL-PAL filed this action against CPYC on April 16, 2008, alleging unfair competition and false designation of origin, in violation of the Lanham Act, 15 U.S.C. § 1125(a); unfair competition, in violation of California Business and Professions Code

2

§ 17200); and false or misleading advertising, in violation of California Business and Professions Code § 17500.

In December 2008, CAL-PAL filed a motion for leave to amend the complaint to correct its name to reflect an amendment to its original articles of incorporation, to add a cause of action for violation of the Uniform Trade Secrets Act, California Civil Code § 3426, et seq. ("UTSA"), and to make minor changes in the allegations.

On January 6, 2009, the court granted the motion. On January 21, 2009, CPYC filed the present motion to dismiss, arguing that the second cause of action for violation of the UTSA should be dismissed because CAL-PAL failed to allege ownership of a valid trade secret. In the alternative, CPYC asserts that CAL-PAL should be ordered to provide a more definite statement of its trade secret claim.

**DISCUSSION**

A.  Legal Standards

    1.  Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).

When matters outside the pleading are presented to and not excluded by the court, a Rule 12(b)(6) motion is to be treated as one for summary judgment, and all parties shall be given an opportunity to present all material made pertinent to such a motion by Rule 56. Fed. R. Civ. P. 12(b). However, material that is properly presented to the court as part of the complaint may be considered as part of a motion to dismiss. Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994). If a plaintiff fails to attach to the complaint the documents on which it is based, the defendant may attach to a 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

To survive a motion to dismiss for failure to state a claim, a complaint generally must

3

satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)).

All allegations of material fact are taken as true. Erickson, 127 S.Ct. at 2200. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

2.   Rule 12(e)

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted" and therefore "cannot reasonably be expected to frame a proper response." Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008 ed.) § 9:347 (citing Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999); Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D. Cal. 1981)).

A motion for a more definite statement attacks intelligibility, not simply lack of detail. For this reason, the motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. Id. (citing Bureerong v. Uvawas, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996)).

4

B.     Defendant's Motion

CPYC argues that the second cause of action fails to state a claim for violation of the UTSA because CAL-PAL has not alleged ownership of a trade secret.  The elements of a claim of indirect trade secret misappropriation under California Civil Code § 3426 are as follows:  (1) the plaintiff is the owner of a valid trade secret; (2) the defendant acquired the trade secret from someone other than the plaintiff and (a) knew or had reason to know before the use or disclosure that the information was a trade secret and knew or had reason to know that the disclosing party had acquired it through improper means or was breaching a duty of confidentiality by disclosing it; or (b) knew or had reason to know it was a trade secret and that the disclosure was a mistake; (3) the defendant used or disclosed the trade secret without Plaintiff's authorization; and (4) the plaintiff suffered harm as a direct and proximate result of the defendant's use or disclosure of the trade secret, or the defendant benefitted from such use or disclosure.  Steinberg Moorad & Dunn, Inc. v. Dunn, 2002 WL 31968234 at *23 (C.D. Cal., Dec. 26, 2002); see also Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., 556 F.Supp. 2d 1122, 1136-37 (E.D. Cal. 2008).

In the second cause of action, CAL-PAL alleges that "CYPC has used and continues to use proprietary data containing a list of past CAL-PAL donors, with knowledge or reason to know that the list was derived from or through a person who owed a duty to CAL-PAL to limit the use of the list," in violation of the UTSA.  FAC ¶ 19-21.  CYPC contends, however, that CAL-PAL fails to allege the first and most crucial element of an indirect trade secrete misappropriation claim – ownership of the supposed trade secret.  CYPC asserts that the FAC never alleges who created the list of donors, who owned the list, or who possessed the list, which it claims are all elements necessary to state a claim for misappropriation.

CYPC contends that the FAC makes no allegation of ownership because CAL-PAL knows that it does not own the list of past donors referenced in the FAC.  CYPC contends that the Fundraising Agreement – which was reaffirmed by the Termination Agreement – clearly provides that any list of donors and leads for potential donors would remain the

5

property of Telecom Services.

CYPC points to ¶ 15 of the Fundraising Agreement, which provides that Telecom Services will not be given "any lists of donors or leads with respect to potential contributors of funds to [CAL-PAL];" that "a list of Leads will be generated by Telecom through its own methods and expertise;" that the list "shall be and remain Telecom's sole and exclusive property;" and that after the termination of the Fundraising Agreement, Telecom Services would not "utilize such list at any time using [CAL-PAL]'s name."

CPYC argues, based on the Fundraising Agreement, that Telcom Services owned the donor lists and that CPYC therefore cannot be liable for misappropriation of trade secrets. CPYC also asserts, based on the Termination Agreement, that CPYC did not violate any ownership rights that CAL-PAL might have had by contacting CAL-PAL's past donors. For these reasons, and the fact that CAL-PAL does not allege ownership, CPYC asserts that the second cause of action fails to state a claim.

In the alternative, CPYC contends that even if the second cause of action is not subject to "outright dismissal," CAL-PAL should be required to provide a more definite statement pursuant to Rule 12(e). CPYC notes that the FAC alleges that the business relationship between CPYC and National Consultants, under which CPYC was to receive a list of no less than 100,000 names of California residents who had in the past responded to telemarketing appeals, commenced in January 2006 – approximately six months prior to the date of the Termination Agreement between CAL-PAL and Telecom Services. CPYC argues that the FAC offers no clue as to how CPYC was supposed to be on notice of an agreement that was not yet in existence at the time that CPYC contracted with National Consultants.

The court finds that the second cause of action must be dismissed for failure to state a claim. The FAC fails to allege facts supporting all the elements required for a claim of misappropriation of trade secrets – most notably the factual basis of ownership of the trade secret, but also facts supporting the element of misappropriation. In addition, it is not clear from the allegations in the FAC that the donor list can be considered a trade secret.

6

As the above elements are subject to challenge on the facts, the court finds further that even if adequately pled, the cause of action for trade secret misappropriation would not be appropriate for disposition on a Rule 12(b)(6) motion.  Accordingly, while CAL-PAL will be granted leave to amend the second cause of action, the court does not consider it advisable for CPYC to again seek to dismiss for failure to state a claim.  Rather, the trade secret claim may be challenged in a motion for summary judgment.

## CONCLUSION

In accordance with the foregoing, CPYC's motion to dismiss is GRANTED.  The dismissal is with leave to amend.  Any amended complaint shall be filed no later than March 13, 2009.  The alternative motion for a more definite statement is DENIED.

The date for the hearing on this motion, previously set for Wednesday, March 4, 2009, is VACATED.

**IT IS SO ORDERED.**

Dated: March 3, 2009

PHYLLIS J. HAMILTON
United States District Judge